UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEYHAN MOHANNA,<br><br>Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>Defendant. | Case No. 21-cv-04530-JSC<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |

Plaintiff Keyhan Mohanna, who is proceeding without counsel, alleges claims for wrongful foreclosure, violations of California Commercial Code § 3302 et seq., and violation of 11 U.S.C. § 362 against Defendant Deutsche Bank National Trust. Defendant has moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1] (Dkt. No. 18.) After carefully considering the parties' briefs and the relevant legal authority, the Court has concerns regarding its subject matter jurisdiction and ORDERS THE PARTIES TO SHOW CAUSE as follows.

**DISCUSSION**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (internal quotation marks and citations omitted); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 4, 13.)

matter jurisdiction"). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id*. at § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, ... and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state...." *Id*. § 1332(a)(1)-(2).

Plaintiff alleges that Defendant wrongfully foreclosed on the subject property at 1405 Greenwich Street, Unit # 6, San Francisco, California 94109 in violation of state law and in violation of the automatic stay provision of 11 U.S.C. § 362(a) based on Plaintiff's then-pending bankruptcy proceedings. Plaintiff invokes federal question jurisdiction presumably based on the alleged violation of Section 362(a).[2] (Dkt. No. 14, First Amended Complaint (FAC) at p. 5.)

While federal courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States" under 28 U.S.C. § 1331, a "Federal District Court does not have original jurisdiction over bankruptcy matters." *Park v. Nat'l City Bank of Indiana*, Case No. CV 14-1354 SJO(PJWx), 2014 WL 12564360, at *1 (C.D. Cal. Mar. 19, 2014) (internal quotation marks and citation omitted). As such, a claim for violation of the automatic stay "must be brought in the bankruptcy court, rather than in the district court, which only has appellate jurisdiction over bankruptcy cases*." Eastern Equipment and Servs. Corp. v. Factory Point Nat'l Bank, Bennington*, 236 F.3d 117, 121 (2d Cir. 2001); *see also MSR Exploration, Ltd. v. Meridian Oil, Inc*., 74 F.3d 914, 916 (9th Cir. 1996) (finding that claim arising from bankruptcy proceeding must be "brought in the bankruptcy court itself, and not as a separate action in the district court"); *ComUnity Collectors LLC v. Mortg. Elec. Registration Servs., Inc*., No. C-11-4777 EMC, 2012 WL 3249509, at *7 (N.D. Cal. Aug. 7, 2012) (concluding that "this District's local rules and other out-of-circuit authority establish that the proper course of action would be to

---

[2] Plaintiff also lists 15 U.S.C. § 1692 (Fair Debt Collections Practices Act) and 42 U.S.C. § 1983 as a basis for this Court's original jurisdiction, but he has not pled a claim under either statute. (Dkt. No. 14 at p. 4.)

refer this matter to the bankruptcy court.") (citing Northern District General Order No. 24 ("This court hereby refers to the bankruptcy judges of this district all cases under title 11, and all proceedings arising under title 11 or arising in or related to cases under title 11.")); *Wordtech Sys., Inc. v. Integrated Network Solutions, Inc.*, No. 2:04–CV–01971–MCE, 2012 WL 5464218, at *2 (E.D. Cal. Nov. 7, 2012) (dismissing for lack of subject matter jurisdiction because the Eastern District of California's Local General Order No. 182 referred all cases arising under title 11 to the bankruptcy courts); *Guancione v. Wachovia Mortg. Corp.*, No. 5:10–CV–3166 JF (HRL), 2010 WL 2991728, at *3 (N.D. Cal. July 28, 2010) ("to the extent that Plaintiff could establish a violation of the automatic stay, their remedy lies within the jurisdiction of the bankruptcy court").

Accordingly, the parties are ORDERED TO SHOW CAUSE as to how this Court has subject matter jurisdiction over Plaintiff's claim under 11 U.S.C. § 362.  In addition, the parties shall address how, if the Court does not have jurisdiction over Plaintiff's claim under Section 362, it has jurisdiction over Plaintiff's remaining claims for wrongful foreclosure and violation of California Commercial Code § 3302 et seq., which arise under state law.  There does not appear to be a basis for diversity jurisdiction here as Plaintiff and Defendant Deutsche Bank National Trust are both citizens of California.  (FAC at 5-6.)  *See also See John v. Quality Loan Serv. Corp. of Washington*, No. 4:20-CV-05008-SAB, 2020 WL 2896545, at *5 (E.D. Wash. May 4, 2020) ("Deutsche Bank, as a national bank, is a citizen of California because its articles of association establishes its main office in Los Angeles."); *Sandoval v. Deutsche Bank National Trust Company*, Case No. CV 12-2897 DMG (AGRx), 2012 WL 12878593, at *1 (C.D. Cal. June 5, 2012) ("As alleged, Plaintiff and Defendants Deutsche Bank National Trust Company and Regional Service Corporation are all California citizens."); *Eckerle v. Deutsche Bank Nat. Trust*, Civ. No. 10-0474 SOM-BMK, 2010 WL 3984687, at *1 (D. Hawaii Sept. 17, 2010) ("DBNT is a national banking association with its principal place of business in California").

## CONCLUSION

For the reasons stated above, the parties are ORDERED TO SHOW CAUSE as to how the Court has jurisdiction over Plaintiff's claim under 11 U.S.C. § 362 and Plaintiff's remaining state law claims.  **Within 14 days of the date of this Order, the parties shall file separate statements**

**of no more than 10 pages setting forth any basis for this Court's subject matter jurisdiction and specifically explaining the citizenship of all the parties.**

In light of this Order, the September 30, 2021 hearing on Defendant's motion to dismiss is VACATED and the Court holds the motion in abeyance pending disposition of the Order to Show Cause.

**IT IS SO ORDERED.**

Dated:  September 21, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge