UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEYHAN MOHANNA,<br><br>    Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>    Defendant. | Case No. 21-cv-04530-JSC<br><br>**ORDER OF REFERENCE TO BANKRUPTCY COURT** |

Plaintiff Keyhan Mohanna, who is proceeding without counsel, alleges claims for wrongful foreclosure, violations of California Commercial Code § 3302 et seq., and violation of 11 U.S.C. § 362 against Defendant Deutsche Bank National Trust. Defendant moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1] (Dkt. No. 18.) After reviewing Defendant's motion to dismiss, the Court issued an Order to Show Cause as to its subject matter jurisdiction. (Dkt. No. 25.) Having reviewed the parties' responses (Dkt. Nos. 26, 27), the Court REFERS this matter to the bankruptcy court under General Order 24 for the reasons set forth below.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (internal quotation marks and citations omitted); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir.

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 4, 13.)

2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id*. at § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, ... and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state...." *Id*. § 1332(a)(1)-(2).

In response to the Order to Show Cause, Plaintiff concedes that there is no diversity jurisdiction and does not contend that there is federal question jurisdiction. (Dkt. No. 27.) Defendant, for its part, does not address diversity jurisdiction and instead contends that there is federal question jurisdiction over Plaintiff's claim under 11 U.S.C. § 362(a). (Dkt. No. 26.) Defendant relies solely on *Stone v. R.E.F.S. Inc.*, No. C-05-03321 MMC, 2005 WL 2171954, at *2 (N.D. Cal. Sept. 8, 2005), to argue that the district court has jurisdiction over all claims that arise under Title 11. That reliance is misplaced as neither *Stone* nor Defendant address the caselaw concluding that "a claim for violation of the automatic stay 'must be brought in the bankruptcy court, rather than in the district court, which only has appellate jurisdiction over bankruptcy cases.'" (Dkt. No. 25 (quoting *Eastern Equipment and Servs. Corp. v. Factory Point Nat'l Bank, Bennington*, 236 F.3d 117, 121 (2d Cir. 2001), and collecting cases finding lack of subject matter jurisdiction).

While the Ninth Circuit Court of Appeals has not squarely addressed this question, in *MSR Exploration, Ltd. v. Meridian Oil, Inc.*, 74 F.3d 914, 916 (9th Cir. 1996), it concluded that a claim arising from bankruptcy proceedings must be "brought in the bankruptcy court itself, and not as a separate action in the district court," and thus held that "the district court properly determined that it lacked jurisdiction to hear the matter." Several district courts have dismissed claims challenging a violation of the automatic stay under 11 U.S.C. § 362 for lack of subject matter jurisdiction, relying on *MSR*. *See, e.g.*, *Wordtech Sys., Inc. v. Integrated Network Solutions, Inc.*, No. 2:04–CV–01971–MCE, 2012 WL 5464218, at *2 (E.D. Cal. Nov. 7, 2012) (dismissing for lack of

1  subject matter jurisdiction because the Eastern District of California's Local General Order No.
2  182 referred all cases arising under title 11 to the bankruptcy courts); *Guancione v. Wachovia*
3  *Mortg. Corp.*, No. 5:10–CV–3166 JF (HRL), 2010 WL 2991728, at *3 (N.D. Cal. July 28, 2010)
4  ("to the extent that Plaintiff could establish a violation of the automatic stay, their remedy lies
5  within the jurisdiction of the bankruptcy court"). *In ComUnity Collectors LLC v. Mortg. Elec.*
6  *Registration Servs., Inc.*, No. C-11-4777 EMC, 2012 WL 3249509, at *7 (N.D. Cal. Aug. 7,
7  2012), the court concluded that "this District's local rules and other out-of-circuit authority
8  establish that the proper course of action would be to refer this matter to the bankruptcy court."
9  This Court agrees that this is the appropriate approach here. The bottom line is that this Court
10 cannot resolve Plaintiff's claim for violation of the automatic stay. Having so decided, the Court
11 does not have supplemental jurisdiction of Plaintiff's state law claims and Defendant does not cite
12 any case to the contrary.
13        The next question, then, is how to proceed. Northern District General Order No. 24 states
14 that "[t]his court hereby refers to the bankruptcy judges of this district all cases under title 11, and
15 all proceedings arising under title 11 or arising in or related to cases under title 11." The
16 bankruptcy court, which oversaw the bankruptcy proceedings and the automatic stay at-issue here,
17 is in the best position to decide Plaintiff's title 11 claim. Accordingly, under General Order 24,
18 the Court will refer the title 11 claim to the U.S. Bankruptcy Court for the Northern District of
19 California in the action *In re: Mohanna, Debtor, U.S. Bankr. Ct.*, Case No. 16-30388 HLB for
20 further proceedings including resolution of Defendant's pending motion to dismiss the title 11
21 claim.
22        As there remains no claim over which the Court has original jurisdiction, there can be no
23 pendent jurisdiction for the state law claims in Plaintiff's Complaint. *See Herman Fam. Revocable*
24 *Tr. v. Teddy Bear*, 254 F.3d 802, 805-06 (9th Cir. 2001) ("where there is no underlying original
25 federal subject matter jurisdiction, the court has no authority to adjudicate supplemental claims
26 under § 1367."). Even if the Court has subject matter jurisdiction, however, having referred the
27 title 11 claim, the Court declines to exercise its discretionary jurisdiction. *See Acri v. Varian*
28 *Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir.), supplemented, 121 F.3d 714 (9th Cir. 1997), as

amended (Oct. 1, 1997) ("[S]tate law claims 'should' be dismissed if federal claims are dismissed before trial.") (emphasis omitted).

## CONCLUSION

For the reasons explained above, pursuant to Northern District of California General Order 24, the Court REFERS Plaintiff's title 11 claim for violation of the automatic bankruptcy stay to the U.S. Bankruptcy Court for the Northern District of California in the action *In re: Mohanna, Debtor, U.S. Bankr. Ct*., Case No. 16-30388 HLB for further proceedings including resolution of Defendant's pending motion to dismiss the title 11 claim. Plaintiff's state law claims are dismissed without prejudice.

The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: October 25, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge